VIDAL, PLAINTIFF AND APPELLANT, *v.* MARTÍNEZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action for the Partition of Property Owned in Common, and for the Recovery of Money.

No. 1532.—Decided February 20, 1917.

WITHDRAWAL OF ACTION—COUNTER-COMPLAINT—CONDITIONAL WAIVER—ATTORNEY FEES.—Although section 192 of the Code of Civil Procedure grants every plaintiff the right to withdraw his action before trial upon the payment of costs, provided a counterclaim has not been made or affirmative relief sought by the cross-complaint or answer of the defendant, if, as in this case, a cross-complaint has been filed and it is waived only on the condition, which is not accepted by the plaintiff, that the latter be adjudged to pay the attorney fees of the defendants, the action will not be dismissed.

The facts are stated in the opinion.

*Mr. Francisco Otero Rivera* for the appellant.

*Mr. José E. Martínez* and *Messrs. Benet & Souffront* for one appellee.

The other appellee did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action pending in the District Court of Mayagüez brought by María Vidal against José E. Martínez and another for the division of property owned in common and for the recovery of $400 for rent unpaid, the plaintiff moved to dismiss the action on the ground that she had effected a compromise with Martínez, who had paid her $1,050.

The attorneys for Martínez opposed the motion and alleged that the latter had no knowledge of the said compromise and that since his attorneys had not been notified by the defendant and their professional fees as his attorneys remained unsatisfied, Martínez prayed the court to overrule the motion of the plaintiff, or to order the plaintiff to pay the defendant's attorney fees in case it should dismiss the action.

The plaintiff's motion having been argued and submitted, the attorneys for Martínez amplified and ratified their former opposition and added that a cross-complaint had been filed in the action and plaintiff's default had been entered for failure to answer the same, but that the defendant waived the same provided the plaintiff were adjudged to pay the costs, disbursements and defendant's attorney fees, and moved that judgment be entered accordingly. The court heard and sustained this motion in the absence of plaintiff's attorney. The plaintiff moved for a reconsideration of this ruling and before ruling thereon the court rendered judgment dismissing the action with costs, expenses and fees of the attorney for defendant Martínez against the plaintiff. Later the motion to reconsider was overruled.

The plaintiff appealed and prays for reversal of the judgment on the ground that she should not have been adjudged to pay the attorney fees.

Section 192 of the Code of Civil Procedure provides that an action may be dismissed by the plaintiff himself, at any time before trial, upon the payment of costs, provided a counterclaim has not been made or affirmative relief sought by the cross-complaint or answer of defendant; but inasmuch as a cross-complaint was filed by Martínez in the present case, the plaintiff was not entitled to a dismissal of her action unless the defendant waived his cross-complaint. It is true that Martínez did waive the same and agreed to the dismissal, but on the condition that the plaintiff be adjudged to

pay his attorney fees, which condition is not shown to have been accepted by the plaintiff.

In these circumstances the court should have overruled the plaintiff's motion to dismiss because there was a cross-complaint which was to be waived only on a condition not accepted by the party who moved to dismiss.

The judgment appealed from should be reversed and another rendered by this court overruling the plaintiff's motion for dismissal.

*Reversed and remanded for further proceedings.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.